UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
Central Division

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 01 2021

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

**Bobbie Boatwright,**

    Plaintiff,

v.

**Citizens Disability, LLC,**

    Defendant.

Case No. 4:21-CV-164-BRW

Complaint and Demand for Jury Trial

This case assigned to District Judge Wilson
and to Magistrate Judge Kearney

## COMPLAINT

**Bobbie Boatwright** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Citizens Disability, LLC** (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Arkansas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Arkansas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

1
PLAINTIFF'S COMPLAINT

## PARTIES

5. Plaintiff is a natural person residing in Little Rock, Arkansas 72204.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 1075 Main Street, 4th Floor, Waltham, Massachusetts 02451.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number ending in 3422.

11. Defendant called Plaintiff on her cellular telephone number for solicitation purposes.

12. Defendant was attempting to sign Plaintiff up for social security benefits.

13. Defendant placed these calls using an automatic telephone dialing system and/or a pre-recorded message.

14. Plaintiff knew Defendant was using an automatic telephone dialing system and/or a pre-recorded message as she received calls with a pre-recorded message from Defendant.

15. Plaintiff did not request information from Defendant and Defendant did not have consent to contact Plaintiff.

16. Defendant's calls were not made for "emergency purposes."

17. Plaintiff has been on the Do Not Call Registry since January 25, 2011.

18. Defendant knew its calls were unwanted, therefore, all calls could have only been made solely for purposes of harassment.

19. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24. The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26. Defendant's calls were not made for "emergency purposes."

27. Defendant's calls to Plaintiff's cellular telephone were without any prior express consent.

28. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since January 25, 2011.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits any person or entity from initiating any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since January 25, 2011.

35. Defendant called Plaintiff on multiple occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Bobbie Boatwright,** respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

d. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);

e. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

f. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Bobbie Boatwright,** demands a jury trial in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: 02/12/2021 | By: /s/ *Amy L. B. Ginsburg*<br>Amy L. Bennecoff Ginsburg, Esq.<br>Kimmel & Silverman, P.C.<br>30 East Butler Pike<br>Ambler, PA 19002<br>Phone: 215-540-8888<br>Facsimile: 877-788-2864<br>Email: teamkimmel@creditlaw.com |